

RECEIVED
IN LAKE CHARLES, LA
JUL - 6 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20145-006 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JAMAR LACHRIS VICTORIAN | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court is a motion that is being construed as an appeal of the Magistrate Judge's order of detention.

The defendant, Jamar Victorian, was released from detention on December 1, 2004, subject to his complying with specific conditions of release. This included reporting in a timely manner to the probation office and drug screening. On January 14, 2005, Victorian's release was revoked because he had failed to report for scheduled substance abuse treatment appointments and he failed a drug screen on two occasions.[1] The court found that:

(1) there was clear and convincing evidence that the defendant violated the conditions of release by possessing and using illegal controlled substances;
(2) there was clear and convincing evidence that the defendant violated the conditions of release by failing to participate in substance abuse treatment as direct;
(3) that the defendant is unlikely to abide by any condition or combination of conditions of release; and
(4) that based upon the factors contained in 18 U.S.C. §3142(g) the evidence was clear and convincing that there is no condition or combination of conditions that will reasonably assure that the defendant will appear as required and will not be a danger to others.

On April 7, Victorian filed a second Motion for a Detention Hearing. The court found that

---

[1] The defendant waived his right to a revocation hearing and admitted his alleged violations.

the second filing "failed to allege an adequate basis for the relief he seeks." On April 14, Victorian sent a letter to the court asking for reconsideration. The court construes this as an appeal of the April 7, 2005 order. The Government has filed an opposition.

## Law and Analysis

The defendant was indicted for Conspiracy to Distribute Controlled Substances and faces a minimum of ten (10) years and maximum of life imprisonment. 18 U.S.C. § 3142 governs the detention of defendants pending trial. Pursuant to this statute, Victorian appeared before the Magistrate Judge Wilson, who ordered him detained.

There is a statutory presumption that pretrial detention is required to assure the appearance of a defendant at trial and the safety of the community if there is probable cause to believe that he committed an offense prescribed in the Controlled Substances Act for which the maximum term of imprisonment exceeds ten years. 18 U.S.C. § 3142(e) (hereinafter referred to as the § 3142(e) presumption). Section 3142(g) provides in relevant part:

(g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under

2

Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

*U.S. v. Jackson,* 845 F.2d 1262, 1264 (C.A.5 (Tex.), 1988).

The Magistrate Judge addressed these factors in the Memorandum Order dated January 14, 2005 [doc. 92].

The defendant does not dispute that the statutory presumption in 18 U.S.C. § 3142(e) is triggered in this case. Subject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq. The indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption. *Hazime,* 762 F.2d at 37; *see also United States v. Suppa,* 799 F.2d 115, 119 (3d Cir.1986) ("Our holding that the indictment is sufficient to support a finding of probable cause ... is in accord with the unanimous position of the other circuits that have reached the issue."). The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person and the community. *U.S. v. Hinton,* 113 Fed.Appx. 76, *77-78, 2004 WL 2320333,**1 (6th Cir.(Ohio - 2 (6th Cir.(Ohio (C.A.6 (Ohio), 2004).

Victorian has not alleged any change in his circumstances that warrant his release. He has not shown that his release would not pose a flight risk or a danger to any person and the community. Stating that he now understands the seriousness of his actions and that he has arranged necessary

transportation is not sufficient. Nor is his desire to work to make money to support his young daughter. Accordingly, the Magistrate Judge's pretrial detention order IS AFFIRMED.

Lake Charles, Louisiana, this 6 day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE